UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEV ANANTH DURAI,<br><br>    Plaintiff<br><br>v.<br><br>JIANGTIAN SUN and SUN TIMEPIECE TRADE, LLC,<br><br>    Defendants | Case No.: 2:19-cv-00670-APG-EJY<br><br>**Order Granting in Part Plaintiff's Motion for Summary Judgment and Directing Entry of Default**<br><br>[ECF Nos. 39, 47] |

Plaintiff Dev Durai agreed to purchase a wristwatch from defendant Jiangtian Sun and his company Sun Timepiece Trade, LLC (collectively, Sun) for $115,000. Durai transferred $115,000 to Sun but never received the watch. Durai sues for conversion, intentional and fraudulent misrepresentation, unjust enrichment, and breach of contract. Durai moves for summary judgment on all of his claims. ECF No. 39.

I previously ordered the defendants to show cause why default should not be entered because they did not comply with Magistrate Judge Youchah's prior order. ECF No. 47. The defendants did not respond to my order. Nor did they respond to Durai's motion for summary judgment. I direct the clerk of court to enter default against the defendants, and I grant Durai's motion.

**Discussion**

**I. Entry of Default**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On March 27, 2020, I entered an order noting

the defendants' apparent abandonment of their defense in this case and requiring them to show cause by April 9, 2020 why default should not be entered. ECF No. 47. The order was returned in the mail as undeliverable. ECF No. 49. For the reasons stated in that order and because Sun has not responded, I direct the clerk to enter default against Jiangtian Sun and Sun Timepiece Trade LLC.

**II.     Motion for Summary Judgment**

Durai moved for summary judgment on all of his claims on February 12, 2020. ECF No. 39. The defendants did not file an opposition or move for an extension by the March 4, 2020 deadline.[1] L.R. 7-2.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Sun's failure to oppose Durai's motion for summary judgment does not permit me to enter summary judgment by default, but his failure to respond is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Rule 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

---

[1] Durai later filed amended certificates of service of the summary judgment motion on March 10, 2020. Even assuming that Sun was not served until that date, his opposition would have been due on March 31, 2020.

## A. Conversion

Under Nevada law, conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000). "[C]onversion is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Id.*

Durai provides evidence of an agreement to purchase the watch for $115,000, Sun's invoice for $115,000, the wire transfer of $115,000, and text messages from Sun acknowledging that he had received the funds but had not yet procured the watch or refunded the money. ECF Nos. 39-1 at ¶¶ 9, 10, 40; 39-3; 39-4. Because Durai's motion attaches evidence that Sun exercised dominion over Durai's $115,000 in denial of Durai's rights, Durai is entitled to summary judgment on his conversion claim.

## B. Fraudulent Misrepresentation

Under Nevada law, fraudulent misrepresentation requires proof of: "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). Durai provides evidence of Sun's false representation that he would procure and sell Durai the watch for $115,000, which permits an inference that Sun intended to induce reliance on his misrepresentation. ECF No. 39-1 at ¶ 9. Sun's admission that he had spent the $115,000 rather than use it to procure the watch and was instead applying for a loan to refund Durai's payment

3

permits an inference that Sun knew his representation was false. *Id.* at ¶¶ 37-38; ECF No. 39-2 at 71-78 (text messages between Sun and Durai). And Durai was damaged in the amount of at least $115,000 because Sun never refunded the money Durai transferred. *See* ECF No. 39-1 at ¶ 40. So Durai is entitled to summary judgment on his fraudulent misrepresentation claim.

Durai also requests punitive damages in the amount of $345,000, arguing that Sun acted with fraud or malice. ECF No. 39 at 12. Under Nevada law, "in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant." Nev. Rev. Stat. § 42.005. "Whether punitive damages are appropriate and what amount is appropriate are questions reserved for the trier of fact, although the court has the responsibility to determine whether, as a matter of law, the plaintiff has offered sufficient evidence of oppression, fraud, or malice to support a punitive damages instruction." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1172 (9th Cir. 2012) (applying Nev. Rev. Stat. § 42.005).

Durai has offered sufficient evidence of fraud as a matter of law, but I may not enter summary judgment on his punitive damages request because whether punitive damages are appropriate and what amount is appropriate is reserved for the trier of fact. So I deny Durai's motion insofar as he requests punitive damages without prejudice to a motion for default judgment requesting punitive damages.

**C. Unjust Enrichment**

"Unjust enrichment occurs when one party confers a benefit on a second party which accepts and retains the benefit under circumstances such that it would be inequitable to retain the

4

benefit without paying for its value." *Sierra Dev. Co. v. Chartwell Advisory Grp., Ltd.*, 223 F. Supp. 3d 1098, 1107 (D. Nev. 2016) (citing *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012)). Durai has provided evidence that: (1) he transferred $115,000 to Sun in exchange for a watch; (2) Sun accepted and retained the benefit of the money; and (3) Sun never provided the watch or refunded Durai's money. ECF Nos. 39-1 at ¶ 40; 39-4 at 2. Because it would be inequitable for Sun to retain the $115,000 under these circumstances, Durai is entitled to summary judgment.

### D. Breach of Contract

Under Nevada law, "the plaintiff in a breach of contract action must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Wright v. Mecum Auctions Inc.*, No. 2:17-CV-02217-APG-NJK, 2019 WL 1368572, at *2 (D. Nev. Mar. 26, 2019) (quotations and alterations omitted). Durai has provided evidence of the existence of a valid contract with Sun, Sun's breach, and Durai's damages. *See* ECF Nos. 39-1 at ¶¶ 9, 10, 40; 39-3; 39-4. Durai is entitled to summary judgment on this claim.

In addition to the $115,000 purchase price, Durai requests attorney's fees and costs, including the costs of the wire transfer, as damages under his breach of contract claim. ECF No. 39 at 14. But he does not provide any evidence of these fees and costs. I thus deny Durai's request for attorney's fees and costs without prejudice to filing a motion for attorney's fees or a motion for default judgment.

### Conclusion

I THEREFORE ORDER the clerk of court to enter default against defendants Jiangtian Sun and Sun Timepiece Trade, LLC. Plaintiff Dev Durai may file a motion for default judgment with a proposed form of judgment within 30 days.

5

I FURTHER ORDER that plaintiff Dev Durai's motion for summary judgment **[ECF No. 39] is GRANTED in part.**  I grant summary judgment in Durai's favor on all claims in the complaint.  The clerk of court shall enter judgment in favor of plaintiff Dev Durai and against defendants Jiangtian Sun and Sun Timepiece Trade, LLC in the amount of $115,000.00.  I deny without prejudice the remainder of the motion to the extent it requests punitive damages, attorney's fees, and costs.

DATED this 14th day of April, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE