UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEV ANANTH DURAI,<br><br>    Plaintiff<br><br>v.<br><br>JIANGTIAN SUN and SUN TIMEPIECE TRADE, LLC,<br><br>    Defendants | Case No.: 2:19-cv-00670-APG-EJY<br><br>**Order (1) Granting Motion for Default Judgment and (2) Denying Motion for Attorneys' Fees**<br><br>[ECF Nos. 63, 70] |

I previously entered default and summary judgment against defendants Jiangtian Sun and Sun Timepiece Trade, LLC (collectively, Sun). ECF No. 52. I denied plaintiff Dev Durai's request for punitive damages because those must be awarded by the trier of fact. *Id.* at 4. Durai now moves for default judgment against Sun so I may award punitive damages as the trier of fact. ECF No. 70. Because Durai satisfies the *Eitel* factors, I will enter default judgment against Sun and award some of the punitive damages Durai requests.

Durai also moves for an award of his attorneys' fees and costs. ECF No. 63. But there is no basis to award fees, so I will deny that request. I will award some of his requested costs.

**Default Judgment**

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk must enter default, and then a party may seek entry of default judgment. Fed. R. Civ. P. 55(a), (b). Here, the clerk entered Sun's default on April 14, 2020, and Durai now moves for a default judgment. ECF Nos. 53, 70.

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether a default judgment will be granted is within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72.

I previously entered summary judgment in favor of Durai, so the analysis here focuses on the propriety of awarding punitive damages. The complaint and documents supporting the motion make out a case of fraud. There appears to be no dispute about the facts or excusable neglect in Sun's failure to defend the case.

The amount of punitive damages Durai seeks is troublesome, however. Durai requests $345,000 based upon Nevada Revised Statutes § 42.005(1)(a), which allows for punitive damages of up to three times the amount of compensatory damages awarded. ECF No. 70 at 5:14-15. But Durai offers no additional evidence beyond his overall fraud claim to justify such a

large amount. "A plaintiff is not automatically entitled to punitive damages. Instead, punitive damages may be awarded when the plaintiff proves by clear and convincing evidence that the defendant is 'guilty of oppression, fraud or malice, express or implied.'" *Bongiovi v. Sullivan*, 138 P.3d 433, 450-51 (Nev. 2006) (quoting Nev. Rev. Stat. § 42.005(1)). In addition, "courts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003).

While it appears that Sun committed fraud upon Durai, there is insufficient evidence to justify an award of treble damages. The purposes of punitive damages can be satisfied by a lesser amount. I therefore award Durai punitive damages of $150,000.

## **Attorneys' Fees and Costs**

Durai also seeks $10,262.76 in attorney's fees under Nevada Revised Statutes § 18.010(2)(b). But that statute, which allows for recovery of attorneys' fees if a claim or defense "was brought or maintained without reasonable ground or to harass the prevailing party," is inapplicable here. "It is well established that under the *Erie* doctrine . . . , federal courts sitting in diversity apply state substantive law and federal procedural law." *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837 (9th Cir. 2001) (internal quotations and citations omitted). A "federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." *Id.* at 838. "[W]hen fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural." *Id*. Nevada Revised Statutes § 18.010(2)(b) is procedural rather than substantive. *See Oliva v. Nat'l City Mortg. Co*., 490 Fed. App'x. 904, 906 (9th Cir. 2012); *Heyman v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ*., No. 2:15-cv-1228-

3

APG-EJY, 2020 WL 428013, at *4 (D. Nev. Jan. 27, 2020). Durai points to no substantive state law basis for an award of his fees. Therefore, he is not entitled to recover them.

Durai also requests an award of his costs in the amount of $1,347.36 under Nevada Revised Statutes § 18.020(3). However, "[t]he recovery of prevailing party costs in federal district court is generally considered as procedural in nature, and is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Zargarian v. BMW of N. Am., LLC*, No. CV 18-4857-RSWL-PLA, 2020 WL 1129864, at *9 (C.D. Cal. Mar. 3, 2020) (internal quotations and citation omitted). Rule 54(d) contains two separate provisions for costs. To recover taxable costs, the prevailing party must file a bill of costs with the clerk. *See also* Local Rule 54-1. Taxable costs are taxed by the clerk rather than the court. Fed. R. Civ. P. 54(d)(1); LR 54-1. The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1. For example, filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1).

By contrast, nontaxable costs are recoverable on a motion to the court, along with attorney's fees. Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses"); *see also* LR 54-16(b)(2) (A motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15."). To aid the court in determining what costs should be reimbursed, "[a]n itemization of costs claimed under subsection [LR 54-6](a) must be attached to the bill of costs with a detailed description of the specific nature of the costs and, when available, documentation to support the costs." LR 54-6(c).

Durai's request for filing fees and service of process expenses are recoverable through a bill of costs filed with the clerk under Local Rule 54-1 rather than through a motion to me. With

4

regard to his request for reimbursement of copying costs, some copying costs are taxable costs and some are nontaxable costs. *See* LR 54-6. Durai has not provided a sufficient description of the purposes for the copies. I therefore cannot evaluate whether they are properly taxable or whether they should be awarded. Only Durai's postage costs are recoverable through this motion, so I award nontaxable costs in the amount of $33.11.

## Conclusion

I THEREFORE ORDER that plaintiff Dev Durai's motion for default judgment **(ECF No. 70) is granted in part.** Durai is awarded $150,000 in punitive damages against defendants Jiangtian Sun and Sun Timepiece Trade, LLC.

I FURTHER ORDER that plaintiff Dev Durai's motion for attorneys' fees and costs **(ECF No. 63) is granted in part.** Durai is awarded no attorneys' fees but is awarded nontaxable costs in the amount of $33.11.

I FURTHER ORDER the clerk of court to enter an amended judgment in favor of plaintiff Dev Durai and against defendants Jiangtian Sun and Sun Timepiece Trade, LLC in the amount of $115,000.00 as compensatory damages, $150,000 as punitive damages, and $33.11 as costs.

DATED this 19th day of May, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE